**Lawrence E. WILSON, Warden, Appellant,**

v.

**Veron ATCHLEY, Appellee.**

No. 22735.

United States Court of Appeals
Ninth Circuit.

May 27, 1969.

Rehearing Denied June 26, 1969.

Charles A. Legge (argued), of Bronson, Bronson & McKinnon, San Francisco, Cal., for appellee.

William D. Stein (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Deputy Atty. Gen., San Francisco, Cal., for appellant.

Before BARNES, HAMLEY, and BROWNING, Circuit Judges.

PER CURIAM:

The judgment is affirmed for the reasons stated in the district court's opinion, 300 F.Supp. 68 (N.D.Calif.1968).

BARNES, Circuit Judge (dissenting):

Appellee was a petitioning state prisoner in the court below. He had been convicted of first degree murder and sentenced to death. The California Supreme Court affirmed the conviction and sentence. (People v. Atchley, 53 Cal.2d 160, 346 P.2d 764 (1959).) Certiorari to the Supreme Court of the United States was granted, and then dismissed as improvidently granted. (366 U.S. 207, 81 S.Ct. 1051, 6 L.Ed.2d 233 (1961).) Appellee's sentence was later commuted to life imprisonment without possibility of parole in 1961, and was further commuted to allow parole in 1966. Appellee petitioned the United States courts for a writ of habeas corpus. This was denied, without a hearing, and the denial affirmed upon the ground there was no lack of due process. Atchley v. Dickson, 338 F.2d 1014 (9th Cir. 1964).

This is an appeal, therefore, from a second petition for a writ of habeas corpus based on the claim (1) petitioner's confession was improperly admitted into evidence; (2) the trial court erroneously excluded evidence as to petitioner's mental condition; (3) that no hearing was held outside the jury's presence to determine the admissibility of petitioner's extra-judicial statement.

The Supreme Court of California specifically recognized the general rule of the inadmissibility of confessions, or any statement made by the accused relative to the offense charged, if made involuntarily. It passed upon the admission of appellee's "implicating statement" by stating:

"The People contend, however, that the voluntary nature of defendant's statements was adequately shown before the recording was admitted into evidence. Travers testified that no threats were made, that no inducements were offered, and that in an earlier conversation defendant had volunteered substantially the same statements without being asked. Defendant at no time contradicted this testimony or suggested that any of his recorded statements were untrue. Moreover, the recorded conversation demonstrates that Travers referred to the insurance policy to explain why he was asking questions and not as an inducement for any particular answers. The trial court listened to the tape in chambers before ruling on its admissibility. There is therefore no merit in defendant's contention that the recording was admitted without a proper showing that his statements were made voluntarily.

"Defendant also contends that the recording was obtained by such fraud that its use as evidence was inconsistent with due process. He relies primarily on Leyra v. Denno, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948. In that case the police, having promised a suspect medical treatment for an acutely painful attack of sinus, introduced as the 'doctor' a highly skilled psychiatrist with a considerable knowledge of hypnosis. The psychiatrist used threats, promises of leniency, and expressions of sympathy to reduce the physically exhausted suspect to almost trance-like submission. Use of his resulting confessions violated due process, largely because they were the product of 'mental coercion.' [footnote omitted] Although there was a similar deception in the present case, there was no comparable mental coercion. The deception itself does not render defendant's statements inadmissible, for it was not a type reasonably likely to procure an untrue statement. People v. Connelly, 195 Cal. 584, 597, 234 P. 374; People v. Castello, 194 Cal. 595, 602, 229 P. 855." 53 Cal.2d 160 at 170–171, 346 P.2d 764 at 769.

Thus we see there was an in-chambers hearing of the tape recording, outside the presence of the jury, prior to any ruling by the state trial judge on admissibility.

**232**

Likewise, the California Supreme Court had before it, and considered, the second error listed above—the exclusion of medical testimony as to defendant's mental condition at the time of the shooting. The court concluded this was not error because never offered or raised below. *Id.*, p. 176, Key ¶ 20, 346 P.2d, p. 773. The harmless error found by the Supreme Court of California in the exclusion of certain expert opinion testimony was with respect to defendant's reflexes and memory, not to the accuser's mental condition at the time of the shooting.

The California Supreme Court also found there was "substantial and uncontradicted evidence that no coercion occurred." *Id.*, p. 171, 346 P.2d, p. 770.

I turn to 28 U.S.C. § 2254. Keeping in mind the findings of the California Supreme Court, I must ask, was this "a determination after a hearing on the merits of a factual issue"? I think it was. It was "made by a state court of competent jurisdiction." This was "in a proceeding in which [this] applicant for the writ and the state or an officer or agency thereof were parties." It was made in a "written opinion." It must therefore "be presumed to be correct" unless the applicant can bring himself within any one of the exclusions of 28 U.S. C. § 2254, numbered 1 to 8.

In considering these exclusions (there being no admissions by the respondent state) the burden is on the applicant to establish the exception.

With this in mind I turn to the district court findings in this case. It first determined that it was presently unable "to say that the confession was involuntary." (C.T. 73.) If the court was unable to do so, then, if I read § 2254 correctly, the applicant has not met the burden of proof required by that section.

The district court said that the state trial court did not "reliably" determine whether Atchley's confession was voluntary or involuntary, following the language of *Jackson v. Denno*, 378 U.S. 368,

391, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). As pointed out above, the Supreme Court of California referred to the "proper showing" made in the trial court "that his statements were made voluntarily."

It seems improper to me for a federal court, ten years after the event, after examining a record from which it cannot conclude the confession was involuntary, and without pointing out (except for general and conclusionary language) any evidence of convincing force that the confession was an involuntary act—to require an evidentiary hearing in the state courts.

Without any recital of a factual showing by the petitioner that he falls within the § 2254 exceptions, the purpose of the "showing required to offset the presumption created by the statute," is meaningless.

The legislative history of 28 U.S.C. § 2254 shows that it was passed "to prevent the abuse of the writ of habeas corpus" by state prisoners in federal courts.

"[S]uch purposes are to be attained by provisions for a qualified application of the doctrine of res adjudicata in Federal court habeas corpus proceedings brought by State prisoners, by provisions according a presumption of correctness to factual determinations made at a hearing on the merits by State courts and by provisions with respect to the burden of proof in Federal court proceedings for habeas corpus by State prisoners." 1966 U.S. Cong. & Adm.News, p. 3663 at 3666.

The statute adopted by the Congress in 1966 says it places "the burden shall rest on him [petitioner] to establish by convincing evidence that the factual determination by the State court was erroneous." *Id.*, p. 3667.

I do not think that here it can fairly be stated that such "convincing evidence," existed, and I would reverse the district court's decision, and deny the petition, in an attempt to follow congressional dictates.